IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 03-cv-02579-RPM

VARCO, L.P.

    Plaintiff,

v.

PASON SYSTEMS USA CORP.

    Defendant.

ORDER ON PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE
DOCUMENTS AND
ORDERS ON PENDING MOTIONS

Varco, L.P. ("Varco" or "the plaintiff") alleges that Pason Systems USA Corporation ("Pason" or "the defendant") has infringed and continues to infringe United States Patent No. 5,472,142 ("the '142 Patent"). Varco contends that such infringement is willful. Pason denies infringement and, in response to the allegation of willful infringement, asserts that it relied on the advice of counsel. Pason has produced two opinion letters written by Mr. Terry Leier, a Canadian attorney who has served as outside counsel to Pason. The first letter, dated February 8, 2000, is from Mr. Leier to H. Ronald Hansford, another Canadian lawyer who was an outside counsel to Pason. The second opinion letter, dated October 29, 2002, is from Mr. Leier to Pason president Jim Hill.

During discovery Varco requested production of:

36.   All documents constituting, containing or reflecting any oral or written communication between the defendant and Mr. Terry L. Leier regarding any opinions with respect to infringement, validity, and/or enforcement of the '142 Patent.

Pason responded:

OBJECTION:  Pason objects to this Request as seeking documents covered by the attorney work product and attorney-client privileges.
RESPONSE:  Without in any way waiving this objection, Pason has produced responsive documents prepared prior to commencement of litigation.

(Exhibit 2 to Varco's motion to compel).  Pason produced numerous documents relating to Mr. Leier's opinions and other documents responsive to the plaintiff's document requests.  Pason withheld other documents on the grounds that they are protected by the attorney-client privilege and/or attorney work product immunity.

On October 5, 2006, Varco moved pursuant to Fed. R. Civ. P. 37(a)(2)(B) to compel Pason to produce the withheld documents, arguing that Pason had waived the attorney-client privilege and work product immunity by asserting an advice-of-counsel defense.  Pason opposed Varco's motion to compel, arguing that its assertion of an advice-of-counsel defense does not waive the privileges with respect to communications and work product concerning subjects other than those addressed in Mr. Leier's opinion letters.  Pason also argues the privileges have not been waived with respect to its communications with litigation counsel or attorney work product created after the commencement of this action.

On November 17, 2006, the court heard argument on Varco's motion to compel.  At that hearing, the court ordered Pason to submit privilege log documents and relevant portions of deposition transcripts dealing with the reliance issue directly to chambers for an *in camera* review.

On January 10, 2007, Pason delivered to chambers its privilege log, the documents listed on the log, deposition excerpts, and a nine-page document entitled "Pason's *In Camera* Submission and Designation of Deposition Excerpts." In its *In Camera* Submission, Pason stated that it recently added more documents to its privilege log, and it explained the grounds asserted for withholding those documents.

On January 11 and 12, 2007, the plaintiff submitted its designations of deposition testimony and supplemented its legal arguments. On January 16, 2007, the defendant moved to strike the plaintiff's supplement.

The court has reviewed the documents submitted by Pason and the designated deposition testimony. Contrary to Varco's arguments, Pason's assertion of an advice-of-counsel defense does not permit Varco to obtain all documents reflecting any communication between Pason and its counsel touching upon this litigation. In particular, Varco is not entitled to the production of every document reflecting communication between Pason and the lawyers associated with the law firm of Ireland, Stapleton, Pryor and Pascoe, P.C. who are Pason's litigation counsel. The deposition testimony submitted by Varco does not establish that the Ireland, Stapleton lawyers are playing dual roles as litigation counsel and opinion counsel. Moreover, Varco's Request No. 36 is directed to documents "constituting, containing or reflecting any oral or written communication between the defendant and Mr. Terry L. Leier regarding any opinions with respect to infringement, validity, and or enforcement of the '142 Patent." Varco's motion to compel seeks production of a broader category of documents than it requested in its written discovery.

The documents submitted do show that Mr. Leier has served in a dual capacity, having rendered advice to Pason about litigation matters, as well as formal opinions on infringement and

validity. When an accused infringer's opinion counsel also provides advice with respect to litigation strategy, that counsel's roles become intertwined, and it is not possible to separate them. Accordingly, documents reflecting communications between Pason and Mr. Leier with respect to his opinions about infringement, validity, or enforcement of the '142 Patent are not protected by the attorney-client privilege or work product immunity, and that is so regardless of whether the communications occurred before or after the commencement of this action.

Varco asserts that Pason's reliance on Mr. Leier's opinions was unreasonable. That issue is to be determined at a later stage, but the scope of Mr. Leier's advice is relevant to the issues presented now. To the extent that Mr. Leier advised Pason about subjects such as estimated litigation costs, those communications relate to enforcement of the '142 Patent and were provided along with the advice contained in the formal opinion letters. Documents reflecting Pason's communications with Mr. Leier about such other matters are not protected by the attorney-client privilege or work product immunity. In addition, documents that reflect communication between Pason and Mr. Leier about the scope of Mr. Leier's formal opinions must be produced.

Rulings regarding specific documents are set forth below:

| Date of Document | Description | Bates No. | Ruling |
|---|---|---|---|
| | **Documents listed on "Exhibit A" to Pason's *In Camera* Submission** | | |
| 1/26/2004 | Letter from T. Leier to B. Rodda with enclosed request for reexamination of the '142 Patent, filed with the PTO on Jan. 23, 2004. | PAS00001-PAS00005 | Produce |
| 10/07/2002 | Letter from T. Leier to D. Dolezsar, Re: Bowden patents | PAS00123-PAS00133 | Produce |
| 8/19/2003 | Email from D. Dolezsar to T. Leier, Re: Auto Driller Quick Tips Guide | PAS00779 | Produce |
| 8/18/2003 | Email from D. Dolezsar to T. Leier, Re: Auto Driller - Conference Call | PAS00780 | Produce |
| 8/13/2003 | Email from D. Dolezsar to T. Leier, Re: Pason's Auto Driller - Patent Rights | PAS00781 | Produce |
| 1/16/2003 | Email from D. Dolezsar to J. Hill, Re: FW: Auto Driller System - Letter of Response | PAS00782-PAS00783 | Produce |
| 1/16/2003 | Email from T. Leier to D. Dolezsar, Re: FW: Auto Driller System - Letter of Response | PAS00784-PAS00785 | Produce |
| 1/16/2003 | Email from D. Dolezsar to T. Leier, Re: Auto Driller System - Letter of Response | PAS00786 | Produce |
| 9/30/2002 | Email from D. Dolezsar to T. Leier. Bowden's Auto-driller | PAS00787 | Produce |
| Undated | Document entitled "notes" (unknown origin) | PAS00798 | Produce |

| 2/2002 through 12/2003 | Blake, Cassells & Graydon, LLP invoices to Pason Systems for legal services | PAS00839-PAS00851 | The following invoices should be produced: PAS00839, PAS00840, PAS00842, PAS00843-00844, PAS00845, and PAS00847-00848 |
|---|---|---|---|
| 11/20/2002 | Letter from T. Leier to J. Hill, Re: Bowden Patents | PAS00864-PAS00865 | Produce |
| 10/25/2002 | Letter from T. Leier to J. Hill, Re: Pason Systems Corp. "Auto Drilling System" | PAS00904-PAS00905 | Produce |
| 2/25/2004 | Email from F. Dunlop to B. Rodda and T. Holt, and email from B. Rodda to T. Holt and F. Dunlop | PAS01336 | The document should be produced in redacted form, disclosing the paragraph that contains Mr. Dunlop's response to Mr. Rodda, beginning with the sentence, "Didn't our lawyers tell us . . . ." |
| 1/05/2004 | Email from J. Aberle to R. Kemp re: FW: Pason Auto Driller | PAS23580-23581 | Properly withheld |
| 2/25/2004 | Email from B. Rodda to F. Dunlop and T. Holt re: Dolezsar affidavit | PAS23582-23585 | Properly withheld |
| 5/05/2004 | Email from B. Rodda to B. Laff, J. Aberle, K.Bergelt, K. McCarthy and T. Leier re: Info about Pason's Auto Driller | PAS23587-23588 | Properly withheld |
| 5/05/2004 | Email from M. Slattery to Ben Thomas re: Auto Driller Drilling Days | PAS23589-23590 | Properly withheld |
| 5/06/2004 | Email from T. Leier to B. Laff, B. Rodda, J. Aberle, K. Bergelt, and K. McCarthy re: Info about Pason's Auto Driller | PAS23591-23592 | Properly withheld |
| 5/06/2004 | Email from T. Holt to B. Rodda re: Ford Brett AutoDriller Document | PAS23593-23595 | Properly withheld |

| | | | |
|---|---|---|---|
| 5/06/2004 | Email from M. Slattery to K. Bergelt Re: Autodriller Customers | PAS23596-23597 | Properly withheld |
| 5/06/2004 | Email from K. Bergelt to M. Slattery re: Autodriller Customers | PAS23598 | Properly withheld |
| 5/11/2004 | Email from B. Laff to B. Rodda, T. Leier, J. Aberle, K. Bergelt and K. McCarthy Re: Customer Information | PAS23599 | Properly withheld |
| 5/12/2004 | Email from B. Thomas to B. Rodda, J. Aberle, B. Laff, T. Leier, K. Bergelt and K. McCarthy Re: Customer Information | PAS23600-23602 | Properly withheld |
| 5/12/2004 | Email from B. Laff to B. Rodda, J. Aberle, B. Thomas, T. Leier, K. Bergelt and K. McCarthy Re: Customer Information | PAS23603-23605 | Properly withheld |
| 5/14/2004 | Email from B. Rodda to T. Holt, T. Leier, B. Laff, K. Bergelt and K. McCarthy Re: Wildcat's Desperate Move, with email dated May 13, 2004, from T. Leier to B. Laff, B. Rodda, K. Bergelt and K. McCarthy | PAS23606-23622 | Produce |
| 5/21/2004 | Email from J. Aberle to J. Watson, B. Rodda, J. Hill, B. Thomas, T. Leier, K. Bergelt Re: Ford Brett's Opinion | PAS23623-23655 | Properly withheld |
| 5/25/2004 | Email from T. Holt to J. Hill, B. Rodda, F. Dunlop Re: Preparation before deposition with Bowden lawyers | PAS23656-23657 | Properly withheld |
| 5/25/2004 | Email from K. McCarthy to L. Oleson, T. Holt, B. Rodda, F. Dunlop, B. Laff, K. Bergelt Re: Pneumatic AutoDriller Information | PAS23658-23661 | Properly withheld |

| 7/11/2004 | Email from R. Kemp to J. Aberle, forwarding email from B. Laff dated July 11, 2004, Re: Hearing on Motion for Preliminary Injunction | PAS23662-23663 | Produce in redacted from, disclosing the paragraph in Ms. Laff's email which refers to Mr. Leier's recent correspondence about infringement and invalidity of claim 14. |
|---|---|---|---|
| 7/13/2004 | Email from J. Aberle to J. Watson forwarding email from B. Laff dated July 11, 2004, Re: Hearing on Motion for Preliminary Injunction | PAS23664-23665 | Produce in redacted form, as described above. |
| 11/17/2004 | Email from J. Hill to B. Laff, B. Rodda, J. Aberle, B. Thomas, T. Leier, K. Bergelt, K. McCarthy, R. Kemp and J. Dickie, Re: Good News, contains email from B. Laff dated November 17, 2004 | PAS23666-23667 | Properly withheld |
| 11/18/2004 | Email from J. Aberle to B. Nagel, B. Laff, J. Hill, B. Rodda, B. Thomas, T. Leier, K. Bergelt, K. McCarthy and R. Kemp Re: Good News, and court's opinion (marked PAS023670-023687) | PAS223668-23687 | Properly withheld |
| 12/06/2004 | Email from B. Laff to J. Hill, B. Rodda, J. Aberle, B. Thomas, K. Bergelt, K. McCarthy, R. Kemp, J. Dickie and T. Leier Re: Wildcat/Varco v. Pason Appeal | PAS23688 | Properly withheld |
| 6/15/2005 | Email from J. Dickie to B. Laff, J. Aberle and L. Tomie RE: IPR Violations | PAS23689-23691 | Properly withheld |
| 6/15/2005 | Email from B. Laff to J. Dickie, J. Aberle, L. Tomie and R. Kemp Re: IPR Violations | PAS23692-23693 | Properly withheld |

| | | | |
|---|---|---|---|
| 9/13/2005 | Email from B. Laff to J. Hill, B. Rodda, G. Lindsay, J. Aberle, R. Kemp, K. Bergelt and T. Leier Re: Varco v. Pason Oral Argument | PAS23694-23695 | Properly withheld |
| 3/15/2006 | Email from J. Aberle to B. Laff, G. Lindsay, S. Croft, T. Atkinson and M. Haynes, Re: Varco v. Pason, Autodriller Revenue and Units | PAS23696-23699 | Properly withheld |
| 3/15/2006 | Email from J. Aberle to B. Laff, G. Lindsay, S. Croft, T. Atkinson and M. Haynes re: Varco v. Pason, Autodriller Revenue and Units | PAS23700-23701 | Properly withheld |
| 6/27/2006 | Email from T. Atkinson to J. Aberle, G. Lindsay, M. Haynes, B. Laff and J. Roman Re: Varco v. Pason Autodriller Revenue and Units | PAS23702-23703 | Properly withheld |
| 8/04/2006 | Email from T. Atkinson to J. Hill, B. Rodda, G. Lindsay, J. Aberle, R. Kemp, K. Gill, P. Choe, B. Laff and M. Haynes Re: Damages | PAS23704 | Properly withheld |
| 8/07/2006 | Email from J. Hill to T. Atkinson, B. Rodda, G. Lindsay, J. Aberle, R. Kemp, K. Gill, P. Choe, B. Laff, and M. Haynes Re: Damages | PAS23705-23706 | Properly withheld |
| 8/16/2006 | Email from B. Rodda to Kbase Admin, J. Izienicki, J. Aberle, B. Raupe, J. Watson, B. Thomas, US Sales Issue; US Rental Management, T. Atkinson, M. Lacis and S. Eden Re: Information Regarding Autodriller | PAS23707-23709 | Properly withheld |
| 8/17/2006 | Email from G. Lindsay to K. Steward, US Sales Issues, US Rental Management, B. Rapue, B. Thomas, G. Smith, J. Izienicki, J. Aberle, J. Watson, B. Bartlett, T. Atkinson, M. Lacis Re: Information Regarding Autodriller | PAS23710-23712 | Properly withheld |

| | | | |
|---|---|---|---|
| 8/17/2006 | Email from G. Lindsay to US Sales Issues, US Rental Management, B. Rapue, B. Thomas, G. Smith, J. Izienicki, J. Aberle, J. Watson, A. Kemp, B. Bartlett, M. Lacis, T. Atkinson, J. Roman and B. Laff regarding Document Preservation Notice | PAS23713-23714 | Properly withheld |
| 8/18/2006 | Email from B. Barlett to G. Lindsay, US Sales Issues, US Rental Management, B. Rapue, B. Thomas, G. Smith, J. Izienicki, J. Aberle, J. Watson, A. Kemp, M. Lacis, T. Atkinson, J. Roman and B. Laff regarding Document Preservation Notice | PAS23715-23717 | These pages were listed on Pason's privilege log, but copies were not included in the materials submitted to the court. |
| | **Documents from Mr. Leier's files** | | |
| 10/23/2003 | E-mail from T. Leier to B. Rodda regarding Pason Systems | PAS23718-223719 | Produce |
| 9/09/2003 | E-mail from B. Rodda to T. Leier regarding Pason/Wildcat | PAS23720-23721 | Produce |
| 8/22/2003 | Letter from T. Leier to B. Rodda regarding Letter from Williams Law Firm relating to Canadian Patent No. 2,094,313 and U.S. Patent No. 5,474,142 entitled "Automatic Drilling System" | PAS23722-23723 | Produce |
| 11/06/2002 | Letter from Linda Addison to T. Leier regarding Pason Systems Corp. | PAS23736 | Properly withheld |
| 10/25/2002 | Letter from T. Leier to L. Addison regarding Pason Systems Corp. | PAS23737-23738 | Properly withheld |
| 10/08/2002 | E-mail from T. Leier to L. Addison regarding Conflicts Check | PAS23739-23640 | Properly withheld |
| 10/04/2002 | E-mail from T. Leier to L. Addison regarding Conflicts Check | PAS23741 | Properly withheld |
| 11/06/2002 | Letter from L. Addison to T. Leier regarding Pason Systems Corp. | PAS23742 | Properly withheld |

| | | | |
|---|---|---|---|
| Undated | Handwritten notes by T. Leier regarding in-take | PAS23743-23749 | Produce |
| Undated | Draft Patent Application | PAS23750-23769 | Properly withheld |
| 1/04/2002 | Letter from T. Leier from D. Dolezsar regarding New Patent Application | PAS23798-23799 | Properly withheld |
| | **Documents listed on Pason's Redaction Log** | | |
| 3/04/2004-3/05/2005 | Notebook page, handwritten notes (One page, author not identified) | PAS04074 | Production of redacted version was proper. |
| 5/20/2004 | Notebook page, handwritten notes (one page, author not identified | PAS04086 | Production of redacted version was proper. |
| 5/26/2004 | Notebook page, handwritten notes (one page, author not identified) | PAS04087 | Production of redacted version was proper. |
| 7/10/2006 | Notebook page, handwritten notes (one page, author not identified) | PAS04453 | Production of redacted version was proper. |
| undated | four pages of notes by D. Dolezsar. First two lines state "Terry Lier Phone call on Patent" | PAS00799-PAS00802 | Produce |

Based on the foregoing, it is

ORDERED that Varco's motion to compel is granted in part and denied in part as set forth above. It is

FURTHER ORDERED that defendant Pason's motion to strike plaintiff Varco's supplement in support of its designation of deposition testimony is denied; and it is

FURTHER ORDERED that the plaintiff's motion to reset final pretrial conference is moot; and it is

FURTHER ORDERED that defendant Pason's motion for leave to submit supplemental authority in support of its responsive *Markman* brief is granted; and it is

FURTHER ORDERED that the plaintiff's and defendant's joint motion requesting setting of pretrial conference and trial is denied. A pre-trial conference will be set after the court has ruled on the issues presented in the *Markman* briefs and any dispositive motions.

Dated: June 12, 2007

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge