IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 03-cv-02579-RPM

NATIONAL OILWELL VARCO, L.P.

Plaintiff,

v.

PASON SYSTEMS USA CORP.

Defendant.

---

ORDER FOR ENTRY OF FINAL JUDGMENT ON JURY VERDICT PURSUANT TO RULE 54(b)

---

By Order on Post Verdict Motions, entered on April 30, 2009, the jury verdict finding infringement of claims 1, 11 and 14 of the Bowden '142 Patent and awarding damages of $14,320,283 has been approved. The remaining matters that have not been adjudicated are the Plaintiff's motion for a permanent injunction and the Defendant's counterclaim of inequitable conduct preventing enforcement of the patent. Pason moved for a stay of a ruling on the issue of an injunction until after trial and adjudication of its counterclaim. Pason has also asserted that it is developing and testing changes in the control algorithm for its AutoDriller that could be implemented by a remote download which would avoid infringement.

Traditional principles of equity govern the determination of whether a permanent injunction should enter upon an adjudication of patent infringement. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Pason's offer to implement a non-infringing

product is relevant to an evaluation of the balance of hardships. *See Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1311, n.12 (Fed. Cir. 2007).

How the public interest would be affected by the requested injunction is a matter which may require additional discovery and extensive hearing, considering the economic and political circumstances affecting the market for these competing products. The counterclaim will also require further trial proceedings. Given the closeness of the issues that have been litigated and the special expertise of the United States Court of Appeals for the Federal Circuit, it appears prudent in the interest of conserving the cost and expense of further proceedings in this action to exercise the discretion granted by Fed.R.Civ.P. 54(b) to declare that there is no just reason to delay entry of a final judgment on the jury verdict, permitting an appeal to review this court's rulings. Accordingly, it is

ORDERED that the Clerk shall enter a final judgment on the jury verdict under Fed.R.Civ.P. 54(b).

Dated: April 30, 2009

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge